CHIEE JUSTICE ROBERTSON
delivered the opinion of the court.
On the 28th of October, 1867, P. B. Thompson, as agent for the appellees, leased to Dr. J. A. Hunt and J. G. Kyle a house and lot in Harrodsburg for a fractional term to expire on the 5th of August, 1868, for a stipulated rent, payable in installments, for which they executed their joint obligation, covenanting also that they would “ return ” the property in good order. It is agreed that Kyle was in fact only surety, and Hunt the actual tenant who occupied the house.
The rent was all paid during the term; but at the end of it, the lessors neither demanding restitution nor manifesting a readiness or desire to resume possession, the tenant continued to hold for more than a year longer without any known contract, and without either demand of restitution or payment of rent, though the agent testified that he frequently applied to the tenant alone for rent.
On the 25th of October, 1869, this action was brought *495 against the lessees for damages for failing to return the house and lot. The circuit court overruled a demurrer to the petition, and the case being submitted to the judge for decision, he adjudged in favor of the appellees three hundred and five dollars, with interest from the commencement of the action.
On the close of the term it was not the duty of the lessees to leave the house unoccupied without demand or expressed readiness for possession by the lessors, nor would such dereliction have been proper. There was therefore no breach of the covenant in retaining possession afterward, as the tenant did with the presumed consent of the landlords; and consequently the petition, in not averring the fact of demand or manifested readiness to receive possession, failed to show a good cause of action for the alleged breach of the covenant to “return.” The demurrer ought therefore to have been sustained.
But had the petition been sufficient, the judgment for damages against Kyle was not authorized by the facts and the law. No demand or complaint was made until about a month after the institution of the action; and he was not legally liable for damages before notice. But he is not apparently responsible at all. The continued holding by the actual tenant with the tacit consent of the lessors was a presumable revocation either by an express contract with the tenant without Kyle’s co-operation, or by an implied tenancy from year to year beyond the range of his covenant, by which alone he was bound; and after such new contract, express or implied, his covenant as surety was waived, and did not hold him liable under the supplemental contract, but was discharged; and so the lessors seemed to admit by never seeking rent from him or complaining of his neutrality.
"Wherefore the judgment is reversed, and the cause remanded with instructions to sustain the demurrer to the petition, and for further proceedings consistent with the principles of this opinion.