## JEFFERSON COUNTY et al. v. SANITATION DIST. NO. I OF JEFFERSON COUNTY et al.

Court of Appeals of Kentucky.
March 21, 1952.

Lawrence G. Duncan, J. W. Jones, Louisville, for appellants.

Franklin P. Hays and Skaggs, Hays & Fahey, all of Louisville, for appellees.

COMBS, Justice.

Jefferson County has appealed from a judgment denying it a mandatory injunction to require the Sanitation District to repair certain streets damaged during installation of sewers by the District.

The sewers were installed under authority of a resolution adopted by the Jefferson County Fiscal Court, one of the provisions of the resolution being: "At intersections and at other points where it is necessary to cut through the metal of the existing roads, at points shown on the attached blue prints, such cuts shall be refilled and the surface replaced with the same type surface as the existing road, and any damage occurring, or repairs necessary at any time after the completion of the work will be done by the applicant; his successors, representatives, or assigns, or upon his, or their failure to do so within ten (10) days after notice from the Fiscal Court, or the County Road Engineer, the County shall make said repairs, or cause said repairs to be made, and the applicant, his successors, representatives, or assigns, agrees to pay the County the cost thereof."

Another clause of the resolution required execution of an indemnity bond by the District in the amount of $10,000.

The County contends the injunction should be granted because: (1) It has no adequate remedy at law; (2) failure to grant the injunction will result in a multiplicity of suits; and (3) the condition of the streets created by the District amounts to a public nuisance which may be abated by injunction.

■ The County estimates it will cost $47,899 to repair the streets. Although there is no allegation of insolvency of the District, it is argued that as the indemnity bond is in the amount of only $10,000 there is no assurance a judgment for damages could be collected. The District was created under KRS, Chapter 220, and the County points out that the holders of the bonds and coupons have a statutory mortgage lien upon all of the District's property.

The satisfaction of any claim for damages is subject to the contingency that the future insolvency of the defendant may defeat collection of such judgment as may be obtained. The risk here appears to be no greater than in the ordinary case. KRS 220.440 provides that the rates of the District shall be fixed and revised from time to time "so as to be sufficient to provide for the payment of * * * the operation and maintenance of the works * * *." It seems to us the statute provides a method by which the County can collect such judgment as might be obtained.

■ The County also says that if it is required to resort to its remedy at law it "must expend untold thousands of dollars to restore and repair the roads * * *. Then we must forever thereafter quarrel with the District, make demand on it, sue it, take the case to the Court of Appeals— perhaps never see the judgment satisfied." These factors are present in most lawsuits, but it has never been held, so far as we are advised, that this alone makes the remedy at law inadequate.

■ The fallacy in the County's argument is that the very instrument under which it seeks to compel the District to repair the streets, provides that upon the District's failure to do so "the County shall make said repairs, or cause said repairs to be made, and the applicant (District) * * * agrees to pay the County the cost thereof." The District's application and approval thereof by the Fiscal Court under the stated terms of the resolution constituted a contract between the parties. The County thereby made an election; namely, that in the event of failure of the District to repair the streets, it would do the work and look to the District for payment. Both parties are bound by the terms of the contract.

■ We are also unable to agree with the argument that failure to grant a mandatory injunction will result in a multiplicity of suits. The argument is based on the supposition that unless the streets are repaired the adjoining property owners will file separate suits against the District. The obvious answer is that if the streets are repaired by the County, as was contemplated by the Fiscal Court when the resolution was approved, no suits by property owners will be necessary. If the District then refuses to pay the cost, we see no reason why the amount of the County's claim cannot be determined in one suit. We think the cases cited by the County on this point are inapplicable. The rights of the parties here cannot be determined without reference to the provisions of their contract. It is unnecessary, therefore, to decide what their rights would be in the absence of such a contract.

■ Conceding for our purpose that the present condition of the streets for which the District is responsible amounts to a public nuisance, it is well settled that a mandatory injunction will not be granted to abate a nuisance where the party aggrieved has an adequate remedy at law. Hahn & Harris v. Thornberry, 7 Busch 403, 70 Ky. 493; Annotations 7 A.L.R. 760. 55 A.L.R. 833.

We think the mandatory injunction was properly refused.

The judgment is affirmed.